NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**FELICIA N. JONES,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2016-2381

---

Petition for review of the Merit Systems Protection Board in No. DE-3443-16-0099-I-1.

---

Decided: December 9, 2016

---

FELICIA N. JONES, Houston, TX, pro se.

STEPHEN FUNG, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, for respondent. Also represented by BRYAN G. POLISUK.

---

Before DYK, BRYSON, and REYNA, *Circuit Judges.*

PER CURIAM.

Felicia N. Jones petitions for review of a final order of the Merit Systems Protection Board ("MSPB") dismissing her appeal for lack of jurisdiction. We *affirm*.

BACKGROUND

On June 23, 2015, Jones filed a claim with the Department of Veterans Affairs ("VA") for disability compensation and related benefits. The VA denied her claim because the military service Jones had alleged did not qualify as "active" service under the statutory definition of a "veteran." *See* 38 U.S.C. § 101(2); 38 C.F.R. § 3.1(d). Instead of challenging the VA's denial of her claim at the Board of Veterans' Appeals, however, Jones filed an appeal with the MSPB.

The MSPB administrative judge ("AJ") dismissed Jones's appeal for lack of jurisdiction. The AJ first concluded that the VA's denial of Jones's claim did not fall under any of the appealable agency actions within the MSPB's statutory purview, which include "a removal, a suspension of more than 14 days; a reduction in grade; a reduction in pay; [or] a furlough of 30 days or less." J.A. 8 (citing 5 U.S.C. §§ 7512, 7513(d)). The AJ then considered the applicability of any "exceptions to the [MSPB's] usual jurisdictional limits, such as claims based on the Whistleblower Protection Act, Veterans Employment Opportunities Act[,] and Uniformed Services Employment and Reemployment Rights Act." J.A. 9. The AJ found that Jones had failed to allege a "personnel action" reviewable by the MSPB and that she had not alleged that she was an agency employee or applicant for employment. *See* 5 U.S.C. § 2302(a)(2). The AJ therefore dismissed Jones's appeal.

Jones filed a petition for review with the full MSPB, which affirmed the AJ's decision in a final order denying her petition. Jones then filed a petition for review in this

court. We have jurisdiction under 28 U.S.C. § 1295(a)(9) and 5 U.S.C. § 7703(b)(1)(A).

### DISCUSSION

We review the MSPB's jurisdictional determinations *de novo*, but are bound by its factual determinations if supported by substantial evidence. *See Bolton v. Merit Sys. Prot. Bd.*, 154 F.3d 1313, 1316 (Fed. Cir. 1998). As a threshold matter, Jones must assert non-frivolous allegations that, if proven, would establish the MSPB's jurisdiction. *See Johnston v. Merit Sys. Prot. Bd.*, 518 F.3d 905, 909 (Fed. Cir. 2008); *Garcia v. Dep't of Homeland Sec.*, 437 F.3d 1322, 1344 (Fed. Cir. 2006) (en banc).

To invoke the MSPB's jurisdiction, a party must allege facts that demonstrate an action appealable by statute or regulation to the MSPB. *See Garcia*, 437 F.3d at 1327–28. The MSPB found that Jones had not alleged that she was an employee, applicant for employment, or other person entitled to appeal to the MSPB, and that the VA's denial of veterans' benefits was not an appealable action under any legal authority granting the MSPB jurisdiction. *See generally* 5 C.F.R. § 1201.3 (summarizing legal sources of the Board's appellate jurisdiction).

We agree. The exclusive course for challenging the VA's denial of a claim for veterans' benefits is to file an appeal before the Board of Veterans' Appeals, not the MSPB. *See* 38 U.S.C. §§ 511, 7104, 7252. Accordingly, the MSPB's final order is

### AFFIRMED

### COSTS

No Costs.